FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 04 2018

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RALPH JONES, Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFF**

vs.                                    No. 4:18-cv-_741-SWW_

**VAN TASSEL-PROCTOR, INC.,**                          **DEFENDANTS**
**and TED VAN TASSEL**
        This case assigned to District Judge _Wright_
        and to Magistrate Judge _Kay_
**ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION**

        COMES NOW Plaintiff Ralph Jones ("Plaintiff"), individually and on behalf

of all others similarly situated, by and through his attorneys Lydia H. Hamlet and

Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—

Class and Collective Action against Defendants Van Tassel-Proctor, Inc., and

Ted Van Tassel (hereinafter collectively "Defendant"), he does hereby state and

allege as follows:

## I.       PRELIMINARY STATEMENTS

        1.      This is a class action and a collective action brought by Plaintiff,

individually and on behalf of all other salaried construction workers who were

employed by Defendant at any time within a three-year period preceding the filing

of this Complaint.

        2.      Plaintiff brings this action under the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code

Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary

damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other salaried construction workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.     THE PARTIES

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff is a citizen and resident of Conway County.

13.     Plaintiff was employed by Defendant as a salaried construction worker within the three (3) years preceding the filing of this Complaint.

14.     At all times relevant herein, Plaintiff and those similarly situated who worked in Arkansas have been entitled to the rights, protections and benefits provided under the FLSA.

15.     At all times relevant herein, Plaintiff and those similarly situated who worked in Arkansas have been entitled to the rights, protections and benefits provided under the AMWA.

16.     Separate Defendant Van Tassel-Proctor, Inc. ("Van Tassel-Proctor"), is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

17.     Van Tassel-Proctor is a commercial building construction company, having its principal place of business in Little Rock.

18.     Van Tassel-Proctor is a domestic for-profit corporation, registered and licensed to do business in the State of Arkansas.

19.    Van Tassel-Proctor's registered agent for service of process in Arkansas is Ted Van Tassel, 5110 Talley Road, Little Rock, Arkansas 72204.

20.    Ted Van Tassel ("Van Tassel") owns and operates Van Tassel-Proctor.

21.    Van Tassel, individually and in his role as owner and operator of Van Tassel-Proctor, had the power to hire and fire Plaintiff, supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay.

22.    Van Tassel exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's job entailed.

23.    Defendant was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed class, and is and has been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

24.    During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25.    Defendant's annual gross volume of sales or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

26.     At all relevant times, Defendant continuously employed at least four (4) employees.

## IV.     FACTUAL ALLEGATIONS

27.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28.     Defendant owns and operates a commercial building construction company that builds various retail, restaurant, industrial and office complexes and buildings in the state of Arkansas.

29.     Defendant employs construction workers such as Plaintiff to accomplish this goal.

30.     The primary job duties of construction workers such as Plaintiff involve manual labor such as laying foundations, hanging drywall, operating forklifts and other machinery, etc.

31.     During the period relevant to this lawsuit, Plaintiff and all other construction workers were misclassified by Defendant as exempt from the overtime wages and paid a salary.

32.     Defendant directly hired Plaintiff and other salaried construction workers, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

33.     Plaintiff and other salaried construction workers regularly worked in excess of forty (40) hours per week during their training period.

34.     Defendant did not pay Plaintiff and other salaried construction workers overtime compensation for hours worked in excess of forty (40) hours per week at any time.

35.     As a result, Defendant did not pay Plaintiff or salaried construction workers a lawful overtime premium of one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

36.     Plaintiff and other salaried construction workers were and are entitled to a lawful overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week during their training period.

37.     In performing services for Defendant, Plaintiff was not required to utilize professional education relevant to his job duties.

38.     Plaintiff did not select any of Defendant's other employees for hire nor did he provide any training for any employee. Plaintiff had no authority to hire and/or fire any employee.

39.     Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business. Similarly, Plaintiff did not have any responsibility for planning or controlling budgets during his training period.

40.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other salaried employees violated the FLSA and the AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Collective

37.    Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

38.    Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

39.    Plaintiff brings his FLSA claims on behalf of all salaried construction workers who were employed by Defendant at any time within the applicable statute of limitations period, who were paid a salary instead of an hourly wage by Defendant and who are entitled to payment of the following types of damages:

A.    Proper payment for a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.    Liquidated damages and attorneys' fees and costs.

40.    In conformity with the requirements of FLSA Section 216(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

41.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B.    Defendant's failure to pay members of the class all overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

38.    Plaintiff is unable to state the exact number of potential members of the FLSA Collective but believes that the group exceeds 40 persons.

39.    In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

40.    Defendant can readily identify the members of the Section 216(b) Collective. The names, mailing addresses, phone numbers and email addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known mailing and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.    AMWA Rule 23 Class

41.    Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Plaintiff proposes to represent the class of salaried construction workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

43. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class lawful overtime wages in accordance with the AMWA.

44. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

45. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

46. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 40 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

47.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

48.    Concentrating the litigation in this forum is highly desirable because Defendant does business in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

49.    No difficulties are likely to be encountered in the management of this class action.

50.    The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as construction worker and was paid a salary instead of an hourly wage and experienced the same violations of the AMWA that all other class members suffered.

51.    Plaintiff and his counsel will fairly and adequately protect the interests of the class.

52.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

53.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.   FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

54.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

56.   At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

57.   At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA.

58.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59.   Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

60.   Defendant failed to pay Plaintiff a lawful overtime premium of one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

61.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

64.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

65.     Plaintiff brings this collective action on behalf of all salaried construction workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation during their training period.

66.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

67.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA.

68.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA.

69.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70.     Defendant intentionally misclassified Plaintiff and other salaried construction workers as exempt from overtime compensation.

71.     Defendant failed to pay Plaintiff and all those similarly situated a lawful overtime premium of forty (40) per week and one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

72.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All salaried construction workers
within the past three years.**

73.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and those similarly situated for, and Plaintiff and those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

75.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and those similarly situated as provided by the FLSA, Plaintiff and those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF

## (Individual Claim for Violation of the AMWA)

76.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

78.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA.

79.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80.     At all times relevant to this Complaint, Defendant classified Plaintiff as exempt from the overtime requirements of the AMWA.

81.     Despite the entitlement of Plaintiff to a lawful overtime premium under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium of

one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

82.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

84.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA)

85.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

86.     Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA.

87.     At all relevant times, Defendant has been an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

88.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

89.    Defendant classified Plaintiff and members of the proposed class as exempt from the overtime requirements of the AMWA.

90.    Despite the entitlement of Plaintiff and the members of the proposed class to lawful overtime payments under the AMWA, Defendant failed to pay Plaintiff and the members of the proposed class a lawful overtime premium of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) during their training period.

91.    Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All salaried construction workers
in Arkansas within the past three years.**

92.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

94.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ralph Jones, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for the following relief:

A.     That each Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

B.     A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

C.     A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.     Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid

overtime compensation owed to Plaintiff and members of the collective and class members during the applicable statutory period;

H.      Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.      An order directing Defendants to pay Plaintiff and members of the collective and class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**RALPH JONES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Lydia H. Hamlet
Ark Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RALPH JONES, Individually and on**                                    **PLAINTIFF**
**Behalf of all Others Similarly Situated**

vs.                                    No. 4:18-cv-*741*

**VAN TASSEL-PROCTOR, INC.,**                                    **DEFENDANTS**
**and TED VAN TASSEL**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed by Van Tassel-Proctor, Inc., and Ted Van Tassel within the three years preceding the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid minimum wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
**RALPH JONES**

Date:  October 4, 2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**