UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RALPH JONES                                                                                    PLAINTIFF

v.                                    Case No.: 4-18-cv-741-JM

VAN TASSEL-PROCTOR, INC., et al                                              DEFENDANTS

### PLAINTIFF'S *UNOPPOSED* MOTION TO APPROVE FLSA AND AMWA SETTLEMENT & SUPPORTING MEMORANDUM

The Plaintiff Ralph Jones ("plaintiff" or "Jones") and the Defendants Van Tassel-Proctor, Inc. ("VTP") and Ted Van Tassel ("TVT") (collectively, "defendants"), have reached an agreement to settle a contested FLSA and AMWA action ("Settlement") and to dismiss this case with prejudice pending Court approval of the settlement. The Settlement is evidenced by the signed Confidential Settlement Agreement and Release attached hereto as Exhibit 1 ("Settlement Agreement"). A proposed Order Determining Good Faith and Granting Approval of Settlement for the Court's consideration is attached as Exhibit 2. The settlement is fair, reasonable, and adequate, warranting this Court's approval. The Settlement provides for payment in the gross amount of $5,500.00 ("Settlement Amount") in full release and satisfaction of all Fair Labor Standards Act ("FLSA"), Arkansas Minimum Wage Act ("AMWA"), and other claims Jones asserts as to the defendants. Plaintiff also seeks approval of attorneys' fees in an amount equal to 40% of the Settlement Amount and costs to be deducted from the Settlement Amount as provided in the Settlement Agreement. Plaintiff's counsel has litigated this case to a successful conclusion on a wholly contingent basis. The plaintiff's counsel requested fees and expenses will be taken from the Settlement Amount and are fair and reasonable under applicable legal

standards in this Circuit. As such, this Court should grant this unopposed Motion.

## I.    Facts and Procedural History

The plaintiff filed a Collective and Class Action Complaint (Doc. 1) in this action against the defendants on October 4, 2018, alleging that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-210, *et seq.,* by failing to pay him, and other persons similarly situated, overtime required by the FLSA and the AMWA. On December 4, 2018, the plaintiff withdrew his Motion for Conditional Certification (Doc. 13). On December 4, 2018, the plaintiff filed a Notice of Settlement with regard to all claims of the plaintiff (Doc. 14). On December 4, 2018, the Court entered an order allowing withdrawal of the plaintiff's Motion for Conditional Certification (Doc. 16). On March 14, 2019, the plaintiff filed a Stipulation of Dismissal dismissing all collective and class action claims in the case so that only the individual claims of the individual plaintiff are asserted in this action (Doc. 17). The gist of the allegations in the action is that defendants failed to compensate Jones for overtime. In their Answers to the Complaint and the Amended Complaint, among other things, the defendants assert that the plaintiff (or those alleged to be similarly situated) is exempt from the overtime requirements of the FLSA and the AMWA, deny they owe unpaid wages or overtime compensation to the plaintiff (or any other similarly situated persons), and deny that they have violated the FLSA, the AMWA, or any other law, rule or regulation. TVT, among other things, also denies he is an employer under the FLSA or the AMWA. Defendants deny and will continued to deny any violation of the applicable law or any liability to the plaintiff (or any other similarly situated persons).

The plaintiff and defendants have exchanged initial factual disclosures, produced and reviewed documents, reviewed the applicable law and legal authority, conducted interviews, and reviewed the applicable facts, all of which has enabled each party to understand and assess the detail and substance of their respective claims and defenses.  A bona fide dispute exists between the plaintiff and defendants, among other things, as to the exempt status of the plaintiff and amount, if any, of wages and overtime owing to the plaintiff (or any other similarly situated persons).

The parties have conducted settlement discussions, including exchanging positions on legal and factual issues and other supporting information that eventually led the plaintiff and defendants to reach a tentative settlement agreement on December 4, 2018, which in turn has been reflected in a Notice of Settlement filed with the Court on December 4, 2018 (Doc. 14).  In addition, on December 4, 2018, the plaintiff filed a motion to withdraw his motion for conditional class certification (Doc. 13), and on December 4, 2018, the Court entered a text order allowing dismissal of the conditional class certification motion (Doc. 16).  The settlement between the parties has been formally reflected in the Confidential Settlement and Release ("Settlement Agreement") (Exhibit 1 hereto) and, with the approval of this Court, will fully and finally settle, resolve and dismiss with prejudice this dispute, the plaintiff's individual claims.

The plaintiff and the plaintiff's counsel believe the claims asserted in this litigation have merit. The plaintiff and plaintiff's counsel, however, also recognize and acknowledge the risk, length, and expense of continued proceedings necessary to prosecute the litigation through trial and appeal, and believe that the Settlement Agreement represents a fair and equitable settlement of bona fide and disputed claims.  Defendants deny the claims in their entirety and denies any wrongdoing, but wish to avoid the uncertainty and risk attendant with litigation.

## II.     Argument

**A.     This Court Should Approve The Parties' Settlement.**

"A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999). Courts have held that settlement of an FLSA action generally requires court approval because private settlements will not effectuate a valid release for the employer. *See e.g. Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982). Accordingly, wage claims under the FLSA are typically settled or compromised in one of two ways. First, under 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. Second, under a private FLSA enforcement action, district courts may approve settlements resulting from contested litigation over a *bona fide* dispute between the parties. *Lynn's Food Stores*, 679 F.2d at 1353. When the latter option is proposed, as here, the Court should approve the settlement "after scrutinizing the settlement for fairness." *Id.* (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.[1] However, other courts have examined such settlements. The standard for court approval is straightforward: a district court

---

[1] The parties are aware that some Courts in both the Eastern and Western Districts of Arkansas have agreed that courts are not required to review a settlement under the Fair Labor Standards Act where "(1) the lawsuit is not a collective action; (2) all individual plaintiffs were represented by an attorney from the time of the filing of the complaint through the conclusion of subsequent settlement negotiations; and (3) all parties have indicated to the Court in writing through their attorneys that they wish for their settlement agreement to remain private and that they do not wish for any reasonableness review of their settlement to occur." *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230, 2015 U.S. Dist. LEXIS 14679, at *7 (W.D. Ark. Feb. 5, 2015) (Brooks, J.); *see also Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047, 2018 U.S. Dist. LEXIS 187750, at *2–3 (W.D. Ark. Nov. 2, 2018) (Hickey, J.) (dismissing case without reasonableness review because three factors from *Schneider* were met); *Perez v. Garcia*, No. 4:16-cv-00081 KGB, 2016 U.S. Dist. LEXIS 165788, at *2 (E.D. Ark. Dec. 1, 2016) (Baker, J.) (same) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012)).

should approve a fair and reasonable settlement if it was reached as an arm's length resolution of contested litigation to resolve a bona fide dispute under the FLSA. *Lynn's Food Stores,* 679 F.2d at 1352-54. First, the court must be satisfied that the settlement was the product of "contested litigation." Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties under the FLSA. *Cruthis v. Vision's*, 2014 WL 4092325, at *1 (E.D. Ark. Aug. 19, 2014). Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in an arms'-length settlement as *indicia* of fairness. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Based upon the contested nature of this case and the quality of the settlement based on the facts and the law the, plaintiff respectfully submits that this Court should conclude that the parties' settlement is a reasonable arms-length resolution of a *bona fide* dispute in contested litigation, and thus approve the settlement.

**1.    The Proposed Settlement Is The Product Of Contested Litigation.**

The proposed settlement is the product of contested litigation. In his complaint and amended complaint, the plaintiff made detailed, factual allegations describing defendants' allegedly unlawful compensation practices. Defendants filed their Answers denying all of the plaintiff's material factual allegations and asserting an array of affirmative defenses that they argued would bar the plaintiff's claims in whole or in part.

As explained above, the parties conducted factual investigations. The parties also undertook considerable legal analysis of the various issues implicated in this case, including exemptions to FLSA compensation pay.

The settlement of this lawsuit resulted only after arm's length negotiations between the parties. Before the settlement, the parties had a full opportunity to analyze the pertinent factual and legal issues, and assess the strengths and weaknesses of the claims and defenses at issue. The parties have been represented by legal counsel with experience in FLSA matters. Accordingly, this Court should conclude that the proposed settlement was the product of contested litigation.

### 2.  The Settlement Fairly and Reasonably Resolves A Bona Fide Dispute.

The Settlement is the product of arm's-length negotiations by experienced counsel and provides meaningful monetary relief to the plaintiff.  It also eliminates the very real and inherent risks and expense both sides would bear if this litigation continued to resolution on the merits. Under these circumstances, a presumption of fairness attaches to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery"); *Mangone v. First USA Bank*, 206 F.R.D. 222, 226 (S.D. Ill. 2001) (Arm's-length negotiations conducted by competent counsel constitute prima facie evidence of fair settlements); *Fulton v. TLC Lawn Care, Inc,* 2012 WL 1788140 at *4 (D.Kan. May 17, 2012) (noting counsel's assessment that the settlement outweighed the risks of proceeding, counsel's evaluation of potential obstacles, and plaintiffs' execution of settlement agreement as factors indicating fairness of settlement).

The Settlement offers a meaningful payment to the plaintiff now. Further, if the

Settlement is not approved, any recovery through litigation may not occur until after years of litigation and appeals. Or, such recovery may not occur at all after trial or on appeal. For these reasons, settlement approval now should be highly favored. *See, e.g., In re BankAmerica*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush."); *see also Lynn's Food Stores*, 679 F.2d at 1354 (public policy encourages settlement of FLSA litigation); *Little Rock School District v. Pulaski Cnty. Special School District No. 1*, 921 F.2d 1371, 1388 (8th Cir. 1990) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor."). It has often been stated that, "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now." *Lane v. Page*, 862 F. Supp. 2d 1182, 1249 (D.N.M. 2012) *(quoting Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir.2002)).

Accordingly, this Court should conclude that the proposed Settlement reflects a fair and reasonable resolution of a bona fide dispute over FLSA and AMWA coverage, and approve the Settlement. In addition to attaching a proposed order to this motion, plaintiff's counsel will email a proposed order to the Court granting settlement approval.

**B.     This Court Should Approve Plaintiffs' Reasonable Attorney Fees And Expenses.**

The Supreme Court has expressed a preference that the parties agree to the amount of the fee: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Here, the parties have done so because defendants have agreed that they will not oppose the

plaintiff's attorneys' fees and reimbursable costs as set forth in the Settlement Agreement.

## IV.     Certification of Parties Conferring

Plaintiff's counsel has conferred with defendants' counsel regarding this motion, and has been authorized to file this as an unopposed motion.

## V.     Conclusion

The Settlement and the Settlement Agreement provides immediate, certain, and meaningful relief to the plaintiff in light of all the circumstances. The Settlement Agreement has met all the necessary requirements for approval as set forth above. Therefore, this Court should enter an order approving this Settlement and the Settlement Agreement, and dismiss this action with prejudice.

Respectfully Submitted,

PLAINTIFF RALPH JONES

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (501) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
