IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RALPH JONES                                                                                              PLAINTIFF

v.                                    Case No.: 4-18-cv-741-JM

VAN TASSEL-PROCTOR, INC., et al                                                              DEFENDANTS

**ORDER DETERMINING GOOD FAITH
AND GRANTING APPROVAL OF SETTLEMENT**

The plaintiff filed a Collective and Class Action Complaint (Doc. 1) in this action against the defendants on October 4, 2018, alleging that defendants Van Tassel-Proctor, Inc. ("VTP") and Ted Van Tassel ("TVT") (collectively, "defendants"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-210, *et seq.,* by failing to pay him, and other persons similarly situated, overtime required by the FLSA and the AMWA. On December 4, 2018, the plaintiff withdrew his Motion for Conditional Certification (Doc. 13). On December 4, 2018, the Court entered an Order allowing with withdrawal of plaintiff's Motion for Conditional Certification (Doc. 16). On December 4, 2018, the plaintiff filed a Notice of Settlement with regard to all claims of the plaintiff (Doc. 14). On March 14, 2019, the plaintiff filed a Stipulation of Dismissal dismissing all collective and class action claims in the case so that only the individual claims of the individual plaintiff are asserted in this action (Doc. 17). The gist of the allegations in the action is that defendants failed to compensate Jones for overtime. In their Answers to the Complaint and the Amended Complaint, among other things, the defendants assert that the plaintiff (or those alleged to be similarly situated) is exempt from the overtime requirements of the FLSA and the AMWA, deny they owe unpaid wages or overtime compensation to the plaintiff (or any other similarly situated persons), and deny

that they have violated the FLSA, the AMWA, or any other law, rule or regulation. TVT, among other things, also denies he is an employer under the FLSA or the AMWA. Defendants deny and will continued to deny any violation of the applicable law or any liability to the plaintiff (or any other similarly situated persons).

On March 14, 2019, the plaintiff in the above-captioned action (the "Litigation") and the defendants by their respective counsel of record, executed and filed with this Court a Confidential Settlement Agreement and Release ("Settlement Agreement") attached to Plaintiff's Unopposed Motion to Approve FLSA and AMWA Settlement and Supporting Memorandum (Doc. 18).

This Court has duly considered all of the submissions presented with respect to the Settlement Agreement. The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have examined such settlements. "When employees bring a private action for back pay wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). After *Lynn's Food* was decided, other courts to examine this issue have divided the "fairness" determination into two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.* 706 F. Supp. 2d 1227, 1240-41 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.,* Case No. 3:16-cv-70-TCB, 2017 WL 5639933 at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach). Courts in the Eastern District of Arkansas have previously applied the *Dees* approach when analyzing settlement agreements under the FLSA. *See Wells v. Palco, Inc.,* Case No. 4:16-cv00527-KGB (E.D. Ark. June 6, 2018)*; Younger v. Centers for Youth and Families, Inc.,* Case No. 4:16-cv-00170-KGB, 2017 WL 1652561 (E.D. Ark. April 27, 2017); *Cruthis v. Vision's,* Case No. 4:12-cv-002244-KGB, 2014 WL 4092325 (E.D. Ark. August 19, 2014.) Having reviewed the Settlement Agreement, the Court determines that the settlement both provides the plaintiff a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore, the Court grants the plaintiff's unopposed motion to approve FLSA and AMWA settlement and supporting memorandum (Doc. 18).

All capitalized defined terms in this Order Determining Good Faith and Granting Approval of Settlement ("Approval Order") that are not otherwise defined have the same meaning as in the Settlement Agreement.

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1. This Approval Order will be binding on the plaintiff and defendants.
2. The Settlement Agreement is a fair, reasonable and adequate compromise of a bona fide dispute, and is in the best interests of the plaintiff.
3. Within thirty (30) days after entry of this Approval Order, payment of the Net Settlement Amount as defined in the Settlement Agreement shall be made by or on behalf of the defendants. Plaintiff's counsels' application for an award of attorneys' fees and

reimbursement of costs in the amounts set forth in the Settlement Agreement are hereby approved and shall be paid from the Net Settlement Payment and not in addition to the Net Settlement Amount.

4. The Settlement Agreement is hereby approved in accordance with Section 216 of the Fair Labor Standards Act and shall be consummated in accordance with the terms and provisions thereof.

5. This Litigation is hereby dismissed in its entirety with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement. This Court intends this Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

6. Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of the Settlement Agreement and this Approval Order. In addition, without affecting the finality of this Approval Order, this Court retains jurisdiction over the parties for the sole purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Settlement Agreement and this Approval Order.

It is so ORDERED, this the 4th day of April, 2019.

_____
James M. Moody, Jr.
United States District Judge